39 C.C.P.A.(Patents)
HELENA RUBINSTEIN, Inc. v. HUDNUT.
Patent Appeals No. 5831.

United States Court of Customs and Patent Appeals.
Dec. 18, 1951.

Otto Nordon, New York City, for appellant.

Robert B. Clark, New York City, (Arnold B. Christen, Washington, D. C., of counsel), for appellee.

Before JACKSON, Acting Chief Judge, and O'CONNELL, JOHNSON, and WORLEY, Judges.

WORLEY, Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents, 86 U.S.P.Q. 221, sustaining the decision of the Examiner of Interferences adjudging that applicant is not entitled to the registration for which it has made application.

Appellant, Helena Rubinstein, Inc., filed its application for registration of the mark "HR," under the Trade-Mark Act of February 20, 1905, now 15 U.S.C.A. § 1051 et seq., on May 29, 1947, Serial No. 523,264, "For Lipstick Cases and Rouge Boxes." On October 11, 1947, this application was amended to read "for Lipstick cases containing lipstick, Rouge boxes containing Rouge, Lipstick refills and Rouge refills." The mark was passed for publication and appeared in the Official Gazette, Vol. 605, No. 2, on December 9, 1947.

Appellee, Richard Hudnut, filed notice of opposition on January 3, 1948, alleging ownership of the trade-mark "RHR" which was registered October 29, 1912, and renewed October 1932, No. 88,880, for use on his entire line of cosmetics which include the identical items listed by appellant; that both his goods and that of appellant are sold through the same channels to the general public; that the goods of both parties are of the same descriptive properties; and that section 5 of the Trade-Mark Act of 1905, now 15 U.S.C.A. § 1052, specifically bars registration of appellant's mark.

Both parties took testimony and numerous exhibits were offered in evidence.

It is conceded by the parties that appellee's use of his mark is long prior to that of appellant's and that the marks of the parties are used on identical goods, therefore, the only issue before this court is whether appellant's mark "HR" is confusingly similar to appellee's trade-mark "RHR."

Both marks in issue are of a monogrammatic design. Appellant's mark consists of the letters H and R joined by the adjacent vertical lines of the letters. Appellee's mark consists of the letters R, H, and R, and, as described by the examiner, "The letters 'R', the first of which is in reverse form, are displayed in script, and are joined to, and form a part of, the letter 'H', which is displayed in block type lettering."

In his brief, counsel for appellant contends "that where letters or figures are intertwined, in monogram form or otherwise, so that the ordinary letters of the alphabet are not directly recognizable, the letters lose their significance and should be treated as a *design,* the same as *hieroglyphics.*" (Italics quoted.)

In answer to that contention, the examiner in his decision stated: " * * * While the initial letter 'R' of the opposer's mark, by reason of its reversed position, at first glance appears to be a fanciful design, the mark as a whole consists of a letter monogram about as obviously as does that of the applicant, and the second letters 'HR' thereof appear to be substantially as readily identifiable as such as the identical letters of which the applicant's mark is composed. * * *"

This court has consistently held, as have the tribunals of the Patent Office, that when letters of the alphabet, or a combination of letters, used as trade-marks, are so nearly alike that their concurrent use upon goods of the same descriptive properties would be likely to cause confusion in the minds of the purchasing public, the opposition must be sustained. It is unnecessary that we cite decisions in support of this statement.

We find no error in the decision of the Commissioner of Patents and it is accordingly affirmed.

Affirmed.

GARRETT, C. J., did not participate in the consideration or decision of this case.